UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD EUGENE LOUK,

    Plaintiff,

v.                                      Case No: 2:18-cv-281-FtM-UAM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Donald Eugene Louk, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

  **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on April 22, 2015, alleging a disability onset date of May 17, 2011. (Tr. 189-95). Plaintiff subsequently amended his alleged onset date to January 1, 2015. Plaintiff's application was denied initially on May 29, 2015, and upon reconsideration on July 6, 2015. (Tr. 113-15, 118-22). Plaintiff requested a hearing and on January 24, 2017, a hearing was held by Administrative Law Judge David J. Begley ("the ALJ"). (Tr. 40-81). On May 4, 2017, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 15-39). Plaintiff requested review of the ALJ's decision, but the Appeals Council denied the request for review on March 8, 2018. (Tr. 1-6). Plaintiff initiated this action by Complaint (Doc. 1) on April 25, 2018.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his amended alleged onset date of January 1, 2015, through December 31, 2016, his date last insured. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairment: degenerative disc disease of the lumbar and cervical spine, status post right shoulder surgery, and bipolar disorder. (Tr. 17). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of any of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff, through the date last insured, had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot climb ladders, ropes or scaffolds, and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can frequently reach overhead with is right upper extremity. He must avoid concentrated exposure to extreme cold, to humidity and wetness. He must avoid slippery and uneven surfaces as well as hazardous machinery, unprotected heights, and open flames. The claimant is limited to simple, routine, repetitive tasks in a work environment free of fast paced production requirements involving only simple, work-related decisions with few, if any, work place changes. The claimant can had [sic] occasional interaction with co-workers, supervisors, and the general public.

(Tr. 21). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work such as a "route sales" and "fuel handler". (Tr. 32).

At step five, relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 33). Specifically, the ALJ found that Plaintiff could perform such jobs as food product sorter, laundry article sorter, and weight recorder. (Tr. 33). The ALJ concluded that Plaintiff was not under a disability from January 1, 2015, the alleged onset date, through December 31, 2016, the date last insured. (Tr. 34).

**II.    Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ's RFC finding is supported by substantial evidence. (Doc. 19 p. 10-18). Plaintiff argues that evidence postdating the consultative examination and the opinion of the state agency consultant, whose opinion the ALJ accorded great weight, demonstrates that Plaintiff cannot perform the significant amount of standing/walking

required to perform light work. (Doc. 19 p. 10). Plaintiff argues that the ALJ should have arranged for a second consultative examination, returned the updated record to the state agency for an updated review, or scheduled a review of the file by a medical expert. (Doc. 19 p. 16). Instead, Plaintiff argues, the ALJ impermissibly relied upon his lay analysis of the evidence to deny Plaintiff's claim. (Doc. 17 p. 16-17). Finally, Plaintiff argues that the ALJ is factually wrong that Plaintiff was non-complaint with his pain medication and improperly considered Plaintiff's daily activities in formulating the RFC. (Doc. 19 p. 15-18). In response, Defendant argues that substantial evidence supports the ALJ's RFC finding.

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age, education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to his past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e). An ALJ must consider all of a claimant's mental impairments which are sufficiently severe in combination with all of a claimant's impairments. *Hurley v. Barnhart*, 385 F. Supp. 2d 1245, 1256 (M.D. Fla. 2005).

In this case, the Court finds that Plaintiff has failed to demonstrate that the ALJ's RFC determination is not supported by substantial evidence. As noted above, substantial evidence is such relevant evidence as a reasonable person would accept as adequate support to a conclusion

and even if the evidence preponderated against the Commissioner's findings, a reviewing court must affirm if the decision reached is supported by substantial evidence. *See Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In his decision, the ALJ provided substantial evidence to support his RFC determination. For example, the ALJ noted that a June 2011 MRI of Plaintiff's right shoulder showed supraspinatus tendinosis, but no evidence of a rotator cuff tear, that a March 2012 MRI of Plaintiff's cervical spine revealed multilevel degenerative disc disease and degenerative joint disease of the cervical spine with mild multilevel foraminal narrowing, and that x-rays of Plaintiff's knees have been normal with no evidence of fracture, effusion, or significant degenerative changes. (Tr. 18, 26, 457-58, 472, 493-94). The ALJ noted that following Plaintiff's right shoulder surgery, Plaintiff had nearly full range of motion, minimal pain, and was discharged from physical therapy as he could do a single-arm push-up. (Tr. 26, 399, 406, 424).

Furthermore, in his decision, the ALJ noted that treatment notes from Stanley K. Gilbert, Jr., M.D., reveal he discussed vocational rehabilitation and physical therapy with Plaintiff, but Plaintiff "really was not interested" and was focused on seeking disability. (Tr. 26, 406). The ALJ acknowledged that the May 13, 2015 examination notes from Dr. Rosenberg, a consultative examiner, reveal Plaintiff's pain was mild to moderate and was taking only over-the-counter Tylenol and Advil. (Tr. 27, 466-67). Additionally, the ALJ noted that Dr. Rosenberg found that Plaintiff's gait was normal, he could walk on his heels and toes without difficulty, he could fully squat, he used no assistive device, and he could rise from a chair and get on and off the exam table without difficulty. (Tr. 27, 467); Further, the ALJ noted that upon examination, Dr. Rosenberg found that Plaintiff's lumbar spine had full range of motion with no spasm, straight leg raise testing was negative bilaterally, he did not have knee pain through formal range of motion, his left shoulder and bilateral elbows, wrists, and ankles had full range of motion, and he had full strength

throughout, with the exception of mildly reduced strength in his right upper extremity. (Tr. 18, 27, 468, 473). Further, the ALJ noted that Plaintiff's August 2016 MRI showed some degenerative disc disease and mild diffuse disc bulging, but that there was no central canal stenosis at any level and there were no subluxations or cord impingements. (Tr. 30, 617-18). The ALJ noted that September 2016 treatment notes reveal Plaintiff's strength had improved and his shoulder was stable. (Tr. 30, 604).

Furthermore, the ALJ based his RFC finding on the opinion of Efren Baltazar, M.D., a state agency reviewing expert, who opined that Plaintiff could perform light work with occasional postural activities, occasional overhead reaching with the right upper extremity, and no concentrated exposure to vibration and hazards. (Tr. 30, 103-06). The ALJ explained that Dr. Baltazar's opinions are entitled to great weight as they are generally consistent with the objective medical evidence. (Tr. 30).

The Court rejects Plaintiff's argument that remand is necessary because Dr. Baltazar did not have the physical therapy notes that were not in the record when he offered his opinion. First, as Defendant notes, this matter involves a very short two-year relevant period, and Dr. Baltazar's assessment occurred only a year and a half prior to the expiration of his insured status (Tr. 17, 106). Second, the ALJ addressed this evidence in his decision and specifically considered it when he determined Plaintiff's RFC. The ALJ acknowledged that his cervical and lumbar spine still had decreased range of motion, and in some cases had worsened. (Tr. 30). The ALJ, however, also noted that physical therapy was not expected to be any additional benefit and Plaintiff was advised to continue with his home exercise program. (Tr. 30). Even if this evidence is contrary to the ALJ's RFC finding, it does not negate the substantial evidence as set forth in the ALJ's determination. The relevant inquiry is not whether some evidence might support greater

limitations, but whether substantial evidence supports the ALJ's decision. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005).

Plaintiff has failed to show that substantial evidence does not support the ALJ's RFC finding. Accordingly, the Court will not disturb the ALJ's findings on review.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties